MOLSDALE *v.* MAYOR AND COUNCIL OF DALTON.

SIMMONS, C. J. Under the allegations in the declaration and the evidence introduced upon the trial, it was error to grant a nonsuit.

> *Judgment reversed. All the Justices concurring.*

Argued April 3, — Decided April 27, 1901.

Action for damages.   Before Judge Fite.   Whitfield superior court.   October 12, 1900.

The widow of Molsdale sued the Mayor and Council of the City of Dalton for damages on account of his death, which, according to the evidence introduced by her at the trial, occurred under these circumstances: In driving a wagon, at night, on a bridge that crossed a ditch within the city limits, and which had no guard-rail or other protection at the sides, he drove near the right-hand side of the bridge, and, after the front wheels had crossed the bridge and while the rear wheels were still on it, the right front wheel ran upon a rock that slanted at the right side; and this slant caused the wheel

to slide farther towards the right; the result of which was to throw the rear right wheel in the same direction, so that it fell over the side of the bridge, and he fell from the wagon, his head struck a rock, which crushed it, and he died from the injury. The night was dark and there was no light at that place. The bridge was about sixteen feet wide. He had frequently before driven over it. The rock first mentioned had long been in the same place, being a part of a former bridge. The plaintiff alleged that the bridge was dangerous in not having a guard-rail, and in being considerably narrower than the street; that the municipality was negligent in erecting such a bridge and in allowing it to remain on one of the thoroughfares of the city; in allowing the rock to be where it was; and in not having a light at the bridge. The exceptions are to the granting of a nonsuit, and to the striking from the petition of the allegation that "prior and subsequent to the injury to [plaintiff's] said husband, similar accidents have occurred, though not so serious in results."

*B. Z. Herndon* and *Head & Anderson*, for plaintiff.
*Shumate & Maddox*, for defendant.